UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

SEAN ROGERS,

        Plaintiff,

v.                                             Case No. 1:12-CV-1201

AMY BRADLEY, et al.,                     HON. GORDON J. QUIST

        Defendants.
_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION**

Plaintiff has filed an Objection to Magistrate Judge Ellen Carmody's September 12, 2014 Report and Recommendation ("R & R"), which recommends that the Court grant Defendants' motion for summary judgment on all of Plaintiff's claims. The magistrate judge recommended that the Court dismiss Plaintiff's conspiracy claim against Defendant Burgtorf for lack of exhaustion and because Plaintiff failed to support such claim with evidence, and that the Court dismiss Plaintiff's retaliation claim against Defendant Burgtorf because Plaintiff cannot demonstrate causation. (R & R at 13, 14–17.) The magistrate judge also recommended that Plaintiff's conspiracy claim be dismissed against Defendant Duncan because Defendant Duncan's only involvement was denying Plaintiff's grievances, and Plaintiff failed to provide evidentiary support for such claim. (*Id.* at 17–18.) The magistrate judge also recommended that Plaintiff's claim against Defendant Koenigsknecht for failure to control be dismissed based on his lack of active unconstitutional behavior, and that Plaintiff's conspiracy claims against Defendants Koenigsknecht, Bradley, Broomfield, Edington, and Beecher be dismissed for lack of evidentiary support. (*Id.* at 18–20.) The magistrate judge also recommended that the Court grant the motion on Plaintiff's retaliation

claims against Defendants Edington, Bradley, Broomfield, and Beecher because Plaintiff failed to demonstrate that Defendants' acts were motivated by Plaintiff's protected conduct. (*Id.* at 21–24.) Finally, the magistrate judge recommended that the Court decline to exercise supplemental jurisdiction over Plaintiff's state-law claims.

After conducting a *de novo* review of the R & R, Plaintiff's Objection, and the pertinent portions of the record, the Court concludes that the R & R should be adopted and Defendants' motion be granted.

Although Plaintiff submits a lengthy Objection, most of the Objection consists of quoted portions of the R & R and legal citations, rather than specific objections. In other words, although Plaintiff requests that the Court reject the R & R in its entirety, he does not point to specific evidence in the record suggesting that a different result is warranted. As the Sixth Circuit has stated, "[t]he filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Johnson v. City of Memphis*, 444 F. App'x 856, 859 (6th Cir. 2011) (internal quotation marks omitted).

Plaintiff argues that the Court should reject the magistrate judge's recommendation to grant Defendants' motion because each Defendant has not filed an affidavit as required by Federal Rule of Civil Procedure 56(c)(4). This argument fails because "defendants were not required to support their motion for summary judgment with evidence negating plaintiff's claim[s]." *Harvey v. Campbell Cnty.* 453 F. App'x 557, 564 (6th Cir. 2011). Rather, Plaintiff was required to produce sufficient evidence to support his claims, and this he failed to do.

Plaintiff's remaining arguments are unpersuasive and do not warrant separate analysis. Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued September 12, 2014 (dkt. # 56 ) is **ADOPTED** as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' Motion For Summary Judgment (docket no. 34) is **GRANTED**, and Plaintiff's claims pursuant to 42 U.S.C. § 1983 are **DISMISSED WITH PREJUDICE**.  Plaintiff's state-law claims are **DISMISSED WITHOUT PREJUDICE**. 28 U.S.C. § 1367(c)(3).

This case is concluded.

A separate judgment will enter.


Dated:  February 6, 2015                               /s/ Gordon J. Quist
                                                   GORDON J. QUIST
                                           UNITED STATES DISTRICT JUDGE